UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CEDRIC CULPEPPER,

    Plaintiff,

v.                                                          CASE NO. 6:06-cv-1875-Orl-31JGG

JOHN E. POLK CORRECTIONAL
FACILITY,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, confined in a prison and proceeding *pro se*, has filed an amended complaint (Doc. No. 10) pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

> (b)   Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)   seeks monetary relief from a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *see* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff, a federal prisoner, has sued Thang Pham, a physician contracted to provide medical care at the John E. Polk Correctional Facility at the time Plaintiff was housed at such facility.[2] According to Plaintiff, his sensitive eyes began to itch badly, so he made a request to see the doctor. In response, the doctor told the nurse to give Plaintiff gauze and "solvent" to apply to the infected area. The "solvent" did not help, and Plaintiff's eyes became worse.

After Plaintiff asked to see an eye specialist, Defendant came to see him and prescribed eye drops. The eye drops increased the burning and itching and caused Plaintiff's eyes to become extremely red and swollen. Plaintiff then discovered that the eye drops were not to be used by persons having high blood pressure. Plaintiff alleges that he is a dialysis patient with chronic high blood pressure, which was known to Defendant. Defendant then recommended that Plaintiff see a specialist and "it was recommended that a piece of [his] tear gland be cut off and sent off to the lab for testing." *Id*. at 5.

---

[2]Although Plaintiff does not identify a time period in his amended complaint, his original complaint states that he was arrested on federal charges on March 25, 2004, and was taken to the hospital where he spent a "couple of months to bring [his] blood pressure down to normal." (Doc. No. 1 at 4.) Upon his release from the hospital, he was taken to the John E. Polk Correctional Facility, where he was held until sentencing. *Id*. The events about which he complains occurred during his stay at the John E. Polk Correctional Facility.

Plaintiff alleges that he now has "severe eye deficiencies whereas this was not a problem until [he] was housed in John E. Polks' Correctional Facility." *Id*. Plaintiff contends that Defendant is responsible for providing medicine that dangerously impacted Plaintiff's eyesight and that Defendant's lack of understanding regarding the medicine makes "him solely culpable and directly negligent." *Id*. Plaintiff also states that Defendant's failure to "delegate authority to the medical personnel" violated Plaintiff's Eighth Amendment rights. Plaintiff seeks nominal damages in the amount of $1.00 through $100.00 dollars; exemplary damages in the amount of $5,000.00; and punitive damages in the amount of $50,000.00.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution of laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Tillman v. Coley*, 886 F.2d 317, 319 (11th Cir. 1989); *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989); *Cornelius v. Town of Highland Lake, Alabama*, 880 F.2d 348, 352 (11th Cir. 1989). Plaintiff does not allege facts supporting the denial of a federal right or a constitutional injury.

The Supreme Court set forth the standard for prison medical care in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976): "deliberate indifference to [the] serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." However, it is clear that not every complaint by a prisoner regarding medical care rises to the level of a

constitutional violation. *Id*. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Id*. at 105-06.

As recognized by the Eleventh Circuit Court of Appeals, to demonstrate deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id*. (citations omitted). Thus, this Court must address both elements to determine whether Plaintiff has alleged a constitutional violation.

The Eleventh Circuit has described a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). In the instant case, Plaintiff alleges that he is a dialysis patient with chronic high blood pressure who had an eye infection at the relevant time. For § 1915A(b) purposes, Plaintiff has sufficiently alleged a serious medical need to satisfy the objective element of the analysis.

The next step requires a consideration of the subjective component, whether Defendant was deliberately indifferent to that serious medical need. To establish the requisite deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of a serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). In *Estelle*, the Supreme Court described the

boundary between medical malpractice and Section 1983 claims alleging cruel and unusual punishment:

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 105-06. Thus, on the most general level, deliberate indifference is medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

The allegations viewed in a light most favorable to Plaintiff show that at the time he was incarcerated he was a dialysis patient with high blood pressure and an eye infection. During his incarceration, he received medical care from Defendant. The facts alleged by Plaintiff refute any suggestion that Defendant ignored or abused Plaintiff or manifested deliberate indifference toward him. Defendant examined Plaintiff, provided medication, and recommended treatment by a specialist. Plaintiff's complaint that Defendant failed to realize the potential dangers the eye drops created due to Plaintiff's high blood pressure alleges only medical malpractice and was not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995) (holding that when a physician provided some treatment but failed to carefully review medical history and

prescribe appropriate antibiotic it might be considered medical malpractice, but did not amount to deliberate indifference); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Mere incidents of negligence or malpractice do not rise to the level of constitutional violations."); *Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (accidents, mistakes, negligence, and medical malpractice are not constitutional violations, and a difference in medical opinion also does not amount to a constitutional violation). Since he has not alleged facts showing deliberate indifference by Defendant, Plaintiff has failed to state a claim for a violation of his constitutional rights, and his complaint must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 1st day of February, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 2/1
Cedric Culpepper